CHRISTOPHER TITUS TYRA, JR,

        Petitioner,

  v.                                        Case No. 24-cv-1104-pp

DENITA BALL,

        Respondent.

**ORDER OVERRULING OBJECTION (DKT. NO. 9), ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 7), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On August 29, 2024, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241, challenging his pretrial detention on pending state criminal cases. Dkt. No. 1; see also State v. Tyra, Case Nos. 2022CF2318, 2022CF3167 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). Magistrate Judge Nancy Joseph issued a report, recommending that this court dismiss the petition. Dkt. No. 7. The petitioner has filed an objection to that recommendation. Dkt. No. 9.

The court will overrule the petitioner's objection, adopt Judge Joseph's recommendation and dismiss this case without prejudice.

**I.    Background**

    A.    Petition (Dkt. No. 1)

The petitioner challenges his detention in State v. Tyra, Case Nos. 2022CF2318 and 2022CF3167, cases for which he is awaiting trial.[1] Dkt. No. 1

---

[1] The publicly available docket shows that in both cases, the petitioner has a jury trial scheduled for February 17, 2024 in Milwaukee County Circuit Court.

at 4. The petition asserts four grounds for relief. First, the petitioner claims "untimely preliminary / lack of personal jurisdiction." Id. at 10. The petitioner states that "[he] was arrested on case no. 22CF2318 on 6/10/22 and [his] preliminary wasn't held until 1/30/23[.]" Id. Second, the petitioner claims "excessive bail;" he asserts that he is "indigent[,]" has "no income[,]" and that "the conditions of [his] bond (nonmonetary) assures appearance and safety of public and victim(s)[.]" Id. Third, the petitioner claims a "speedy trial violation," saying:

> I requested a speedy trial. The court went past the 90 day over my objections. I was forced to go pro se over my objections and when it was close to trial the state admitted that my objection had merit and the judge ajurned [sic] my speedy trial in order to right her wrong which was forcing me to go pro se without a proper warning which resulted in loss of my speedy trial.

Id. at 11. Fourth, the petitioner claims "prosecutorial misconduct," stating:

> The CR-215 was void of probable cause determination 2022CF3167 which was signed and dated on 6/25/22 with the arrest stated at 6:42 AM. I wasn't charged until 8/11/22 after the DA Alicia Kort omitted critical facts from the complaint. The original CR-215 contained contradicting statements that failed to establish probable cause. (See Attached[)].

Id. at 12.

The petitioner then makes the following request for relief:

> Order 2022CF2318 dismissed without prejudice for lack of personal Jurisdiction, Order 2022CF3167 dismissed with prejudice from misconduct, Order my release on personal recognizance if nothing else.

Id. at 13.

---

State v. Tyra, Case Nos. 2022CF002318, 2022CV003167 (Milwaukee County Circuit Court), both available at https://wcca.wiscourts.gov.

B.  Report and Recommendation (Dkt. No. 7)

Judge Joesph rejected the petitioner's claims that "the state court lacks personal jurisdiction over him because his preliminary hearing was untimely." Dkt. No. 7 at 3. Judge Joseph observed:

> Wisconsin law provides that a preliminary examination "shall be commenced within 20 days after the initial appearance of the defendant if the defendant has been released from custody or within 10 days if the defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time."

Id. (quoting Wis. Stat. §970.03(2)). Judge Joseph explained that, "to the extent [the petitioner] alleges the state court violated state law, such violations cannot form the basis for federal habeas relief." Id. (citing Lechner v. Frank, 341 F.3d 635, 642 (7th Cir. 2003)). Judge Joseph also reasoned that even if Wis. Stat. §970.03(2) could provide a basis for *habeas* relief, the petitioner's preliminary hearing was extended several times for cause, and she detailed the relevant procedural history for Case No. 2022CF2318:

> From the initial appearance on June 14, 2022 until the preliminary hearing on January 30, 2023, multiple status hearings were held in which the State Public Defender's Office unsuccessfully attempted to recruit counsel. The judge, however, adjourned the preliminary hearing at each conference. Counsel was finally appointed for [the petitioner] on August 19, 2022; however, at a September 6, 2022 status conference, defense counsel raised competency concerns and the case was again adjourned until October pending a doctor's report. A competency hearing was held on October 10, 2022, in which [the petitioner] requested new counsel. The court granted the request and found [the petitioner] competent to proceed and "reinstated proceedings." After several more months attempting to appoint new counsel, successor counsel was appointed on January 23, 2023. The preliminary hearing, then, was then held on January 30, 2023.

Id. at 3-4.

Turning to the petitioner's excessive bail argument, Judge Joseph observed that because the petitioner is a pretrial detainee, "habeas relief pursuant to § 2241 is available in only limited circumstances." Id. at 4 (citing U.S. ex rel. Par. v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979); Hall v. Halcomson, Case No. 17-CV-726, 2017 WL 2533392, at *3 (E.D. Wis. June 9, 2017)). Judge Joseph concluded that those limited circumstances did not exist here because the petitioner did not appeal any of the trial court's denials of his bond motions, so he has not exhausted his state court remedies for this ground. Id. at 5.

Judge Joseph also rejected the petitioner's third ground for relief: a speedy trial violation. Id. at 5-6. She explained that, although "habeas relief under § 2241 is generally limited, exceptions are made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot" and that "[s]peedy trial and double jeopardy claims are two such recognized exceptions." Id. at 5. But Judge Joseph recounted that "speedy trial considerations are only a basis for habeas relief 'where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright.'" Id. at 5-6 (quoting Hirsch v. Smitley, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999)). Judge Joseph concluded that the petitioner was not entitled to relief on this ground because "[the petitioner] specifically requests dismissal of his state cases." Id. at 6 (citing Dkt. No. 1 at 12).

Finally, Judge Joseph rejected the petitioner's argument that the district attorney had engaged in prosecutorial misconduct by omitting critical facts from the criminal complaint. Id. Judge Joseph observed that, "[w]hile a claim for prosecutorial misconduct may be brought as a federal claim, *see Lee v.*

4

*Davis*, 328 F.3d 896, 899 (7th Cir. 2003), as with the excessive bail claim above, [the petitioner] does not indicate that he exhausted his state court remedies as to this ground for relief." Id.

Judge Joseph concluded that the petitioner "has not presented any exceptional circumstances to justify interfering with his ongoing state criminal proceedings." Id.

C. Objection (Dkt. No. 9)

In addressing his first ground for relief, the petitioner argues that "[t]he Wisconsin Supreme Court for decades [has] held that the remedy for failing to hold a timely preliminary examination is dismissal without prejudice for lack of personal jurisdiction[.]" Id. at 1 (citing State v. Lee, 401 Wis. 2d 593 (Wis. 2022)). He argues that in Lee, the Wisconsin Supreme Court "agreed with the court of appeals that the commissioners erroneously their discretion in finding 'cause' to extend the time limit for holding Lee's preliminary examination, because those extensions were based solely on the fact that counsel had not been appointed for Lee." Id. (citing State v. Lee, 396 Wis. 2d 136 (Wis. Ct. App. 2021)). The petitioner states that the unjustified delays in Lee "resulted in a violation of [Lee's] Sixth Amendment right to counsel and Fourteenth Amendment right to due process[,]" and that the petitioner "suffered the exact same fate on June 21, 2022." Id. The petitioner clarifies that he "did not allege that the court violated state law, [b]ut [his] 14th amendment constitutional right to due process, procedural and substantive." Id. at 1-2. The petitioner asserts that "[t]he trial court lost personal jurisdiction approximately 51 days before a request for competency hearing." Id. at 2. The petitioner concludes that, "with the evidence presented and constitutional violations stated and

5

proven [he] ha[s] presented a cognizable claim for habeas relief under 28 U.S.C. 2241." Id.

Regarding his other three grounds for relief, the petitioner explains that "[he] had prepared an interlocutory appeal for all the issues presented in [his] petition for writ of habeas corpus" but "[t]he deadline for filing was missed due to lack of notary public at the jail and six month trust account statement." Id. The petitioner says that he "believe[s] that satisfies the exhaustion of remedies prerequisit[e]." Id. The petitioner maintains that he is "entitled to habeas relief with the district court having jurisdiction to decide." Id.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), the district court must review *de novo*—without deference to the magistrate judge—any part of the magistrate judge's recommendation to which a party properly objects. See also, 28 U.S.C. §636(b)(1)(C). The court can accept, reject or modify (in whole or in part) the magistrate judge's findings or recommendations.

Under §2241, an incarcerated person may seek *habeas* relief if he or she is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that a district court may apply those rules to "a habeas corpus petition not covered by Rule 1(a)." A §2241 petition is a *habeas corpus* petition not covered by Rule 1(a), so this court may exercise its discretion to apply the Rules Governing Section 2254 Cases in the United States District Courts to this case.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

6

> must dismiss the petition and direct the clerk to notify the petitioner.

For years, the Supreme Court has recognized a "fundamental policy against federal interference with state criminal prosecutions." Younger v. Harris, 401 U.S. 37, 46 (1971). Given this policy, "federal courts must ordinarily abstain from enjoining ongoing state judicial proceedings that offer an adequate opportunity for review of constitutional claims." Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger, 401 U.S. at 43-45). When there is an ongoing state criminal prosecution in process at the time the petitioner files his federal case, federal courts "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Id. (quoting FreeEats.com v. Indiana, 502 F.3d 590, 598 (7th Cir. 2007)). Even when the state prosecution is over in the trial court, federal *habeas* law requires a convicted defendant to "exhaust" his claims in the state appellate courts before filing a federal *habeas* petition. See 28 U.S.C. §2254(b)(1)(A); Rhines v. Weber, 544 U.S. 269, 274 (2005).

### III. Discussion

Because the petitioner's state criminal prosecutions are ongoing, this court must abstain from interfering with those cases. Even if the petitioner's state prosecutions were not ongoing, however, none of the grounds he alleges would entitle him to federal *habeas* relief.

Judge Joseph correctly rejected the petitioner's first ground for relief. Although the petitioner attempts to characterize his first ground as an allegation of "a violation of his Sixth Amendment right to counsel and Fourteenth Amendment right to due process[,]" the petition itself—and the single case cited in the objection—reflect that the petitioner is arguing a violation of Wis. Stat. §970.03(2), which establishes the timing for a

7

preliminary examination in a Wisconsin state criminal proceeding. The petitioner asserts only that his "preliminary hearing" was "untimely;" it does not mention his right to counsel or his right to due process. Dkt. No. 1 at 10 (listing the petitioner's first ground as "untimely preliminary/lack of personal jurisdiction" and saying that "[the petitioner] was arrested on Case No. 22CF2318 on 6/10/22 and [his] preliminary wasn't held until 1/30/23"). Lee—the only case cited in the objection—supports the conclusion that the petitioner is complaining of a violation of Wis. Stat. §970.03(2). See Dkt. No. 9 at 1 (citing Lee, 401 Wis. 2d 593; Lee, 396 Wis. 2d 136).[2] In Lee, the Wisconsin Court of Appeals found that the delay in appointing counsel for Lee caused a violation of Wis. Stat. §970.03(2), not any constitutional violations. Lee, 396 Wis. 2d at 173-74 (observing that "Lee also presses constitutional claims regarding the alleged deprivation of his due process rights and the denial of his rights to counsel and to a speedy trial" before determining that "[t]o the extent that Lee would be entitled to any greater relief on his constitutional claims than on his statutory claim, we conclude his constitutional arguments are either obviously deficient or underdeveloped"). In addressing the proper remedy for violations of Wis. Stat. §970.03, the Wisconsin Court of Appeals explained that "*Wisconsin law* for decades has held that *the failure to hold a preliminary hearing* within the prescribed time results *in a loss of personal jurisdiction*, which requires only a dismissal without prejudice." Id. at 173. Because the petitioner's first ground focuses on his "untimely preliminary" and a "lack of personal jurisdiction[,]"

---

[2] The court's discussion will focus on the Wisconsin Court of Appeals decision in Lee, 401 Wis. 2d 136, because that appears to be the opinion upon which the petitioner relies; the Wisconsin Supreme Court "conclude[d] that [the] matter should be dismissed as improvidently granted." State v. Lee, 401 Wis. 2d 593, 595 (Wis. 2022).

8

dkt. no. 1 at 10, it is apparent that the plaintiff is leveling a challenge under Wis. Stat. §970.03.

The petitioner's state law challenge is not a basis for him to receive federal *habeas* relief. See Lechner, 341 F.3d at 642 (stating that "[f]ederal habeas corpus relief does not lie for errors of state law" and that "[v]iolations of state laws are cognizable only if they resulted in fundamental unfairness and consequently violate a petitioner's constitutional rights").

Turning to the petitioner's other three grounds for relief, Judge Joseph correctly determined that the petitioner had not exhausted his state remedies for these issues. "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999); see also Grant v. Schmidt, Case No. 18-cv-1709-pp, 2019 WL 927342, at *2 (E.D. Wis. Feb. 26, 2019) ("[i]t is not enough to file a motion before the trial court;" rather, "[t]o exhaust his remedies, the petitioner must allow the trial court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on his claims"). "Only in 'special circumstances' will a court find that a petitioner has exhausted his state remedies prior to trial." Grant, 2019 WL 927342, at *2; see also Blanck, 48 F. Supp. 2d at 860 ("In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings."). "Courts have found 'special circumstances' only where the petitioner faces a double jeopardy issue or alleges a speedy trial violation." Grant, 2019 WL 927342, at *2; see also U. S. *ex rel.* Par. v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979) (emphasizing "the imprudence of using habeas corpus in the absence of extraordinary circumstances to wrest from the state courts the primary responsibility for remedying constitutional violations

committed by state law enforcement officials"). "But those courts that have held that double jeopardy or speedy trial violations are 'special circumstances' still require the petitioner to have exhausted his state remedies." Chestnut v. Milwaukee Cnty. Cir. Ct., Case No. 23-CV-527-JPS, 2023 WL 3439556, at *3 (E.D. Wis. May 12, 2023)

The petitioner does not dispute that he did not appeal any of the grounds he presents in his *habeas* petition. Dkt. No. 9 at 2. The petitioner explains that "[he] had prepared an interlocutory appeal for all the issues presented in [his] petition for writ of habeas corpus" but that "[t]he deadline for filing was missed due to lack of notary public at the jail and six month trust account statement." Id. The petitioner is mistaken in believing these circumstances satisfy the exhaustion requirement. See Mark v. Smith, Case No. 98-C-4, 2008 WL 474246, at *1 (E.D. Wis. Feb. 11, 2008) (determining a *habeas* petitioner failed to exhaust his state remedies even though he contended he missed a deadline due to jail conditions). Because the petitioner has not exhausted his remedies, the state court remains the appropriate place for him to raise the grounds presented in his petition.

## IV. Certificate or Appealability

Section 2253(c)(1) of Title 28 provides that in a federal *habeas* petition where the petitioner has challenged his detention by a state court, the petitioner may not appeal a final order of the district court "[u]nless a circuit justice or judge issues a certificate of appealability." The circuit court may not grant a certificate of appealability unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When the district court denies the petition without reaching the petitioner's underlying constitutional claim, the petitioner must show that "jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Rule 11(a) of the Rules Governing Section 2254 Cases requires the district court to issue or deny a certificate of appealability when it issues a final order adverse to the petitioner.

Because the court finds that reasonable jurists would not find it debatable whether this federal court should abstain from interfering with the state criminal prosecutions or whether the petitioner stated a valid claim for a denial of a constitutional right, or find it debatable whether this court was correct in its procedural ruling, the court declines to issue a certificate of appealability.

**V.    Conclusion**

The court **OVERRULES** the petitioner's objection. Dkt. No. 9.

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 7.

The court **DISMISSES** the petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 14th day of January, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**